UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Roger Schleicher,                                                    Civil File No. 07-04207  DWF/AJB

        Petitioner,

v.                                                                       **REPORT AND RECOMMENDATION**

Joan Fabian,
Minnesota Commissioner of Corrections,

        Respondent.


        Deborah Ellis, Esq., for Petitioner, Roger Schleicher.[1]

        Thomas B. Heffelfinger, Esq., Special Assistant Steele County Attorney, for Respondent Joan Fabian.


        This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petition pursuant to 28 U.S.C. § 2254 for habeas corpus relief by a person in state custody. [Docket No. 1]. Petitioner is confined at the Minnesota Correctional Facility in Stillwater pursuant to conviction and sentencing in Steele County District Court.  The action has been referred to the undersigned for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).

---

[1] Correspondence from Petitioner dated April 8, 2008, stated that his attorney had been discharged. An attorney whose appearance is noted in a cause on file in this Court is generally permitted to withdraw from representation as counsel of record only by an order of this Court granting a motion to withdraw filed by counsel. Local Rule 83.7. In no case will an attorney be allowed to withdraw without filing a Notice of Withdrawal. *Id*.  A motion to fire counsel [Docket No. 32] and a Motion to Withdraw as counsel [Docket No. 33] were filed on April 22, 2008, and are presently under consideration by the court.  In any event, both the presumed firing and the motion to withdraw were filed well after briefing was completed on the matter now before the court, and the court finds no basis on which to defer decision in this matter for any reasons relating to the representation.  The court has reviewed Petitioner's own submissions as well as those filed by his attorney and finds no clear grounds on which to base a determination that the representation has been ineffective or inappropriate with respect to the matter presently before the court. Moreover, Petitioner's claim that his counsel failed to timely file the habeas application does not change the outcome for reasons discussed in this Report and Recommendation with regard to equitable tolling.

Mr. Schleicher seeks habeas relief alleging: (1) he was denied effective assistance of appellate counsel; (2) he was denied due process by the trial court; (3) his right to choose counsel was violated; and (4) he was denied his right to testify by trial counsel. Pursuant to an Order dated October 15, 2007, the Respondent was alternatively permitted to either answer the application for writ of habeas corpus or file a motion to dismiss the petition on grounds that the petition is time-barred under 28 U.S.C. § 2244(d).

## I.     Background

Petitioner applied for a writ of habeas corpus alleging that his current confinement is invalid because his federal constitutional rights are being violated. Pet'r Mem. 12, 21, 24, 28 [Docket No. 2]. Nonetheless, the sole issue presently before the Court is whether the petition is time barred by the one-year statute of limitations. *See* 28 U.S.C. 2244(d)(1); *see also* Order [Docket No. 4] (allowing Respondent to raise the statute of limitations defense by filing a motion to dismiss in lieu of an answer).

Petitioner was convicted of first degree murder in Minnesota. The conviction was affirmed on direct appeal. *State v. Schleicher*, 672 N.W.2d 550 (Minn. 2003) (*"Schleicher I"*). The Minnesota Supreme Court entered judgment on January 29, 2004. Notice of Entry of Judgment [Docket No. 16]. The judgment became final on April 28, 2004. *See* U.S. Sup. Ct. R. 13 ("a petition for a writ of certiorari . . . is timely when it is filed with the clerk of this court within 90 days"); *see also* 28 U.S.C. 2244(d)(1)(A) (judgment becomes final at the expiration of time for seeking direct review). The Minnesota Supreme Court's decision was not appealed to the U.S. Supreme Court. Petitioner filed for post-conviction relief on May 24, 2004. Pet. for Post-conviction Relief [Docket No. 20]. This request was denied by the district court and

Petitioner took appeal. *Schleicher v. State*, 718 N.W.2d 440 (Minn. 2003) ("*Schleicher II*"). While the appeal was pending, Petitioner successfully moved to stay the appeal and filed a second petition for post-conviction relief. *Id.* at 440. Petitioner took appeal from denial of the second petition and both appeals were consolidated. *Id.* The Minnesota Supreme Court affirmed both denials of post-conviction relief entering judgment on October 12, 2006. *Id.*; MN Supreme Court Judgment & Transcript of Judgement [Docket No. 18]. On October 10, 2007, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II. Discussion

This Court must determine whether Petitioner's filing for a writ of habeas corpus is time barred by 28 U.S.C. § 2244. If this Court finds that the one-year period has run, the Court will consider whether the Petitioner is entitled to equitable tolling for a sufficient period of time to treat his petition as if it had been timely filed.

### A. Timely Filing

While Petitioner advances no specific arguments showing that the petition was timely filed, he "insists that the petition was *not* filed out of time." Pet'r Mem. 9 [Docket No. 27]. His memorandum also states that "there was never a time when state post-conviction matters were not pending in a practical sense." *Id.* at 2.

The limitations period for seeking a writ of habeas corpus under 28 U.S.C § 2254 is provided by 28 U.S.C. § 2244(d). Section 2244(d)(1) states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court." This time period begins to run upon the latest of four possible triggering events. § 2244(d)(1). These events include: (1) the date on which the state judgment

became final; (2) the date on which an unconstitutional State-created impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the facts giving rise to the claim could have been discovered through due diligence. § 2244(d)(1)(A–D). The one-year period does not necessarily run continuously. The statute provides that the time during which a properly filed application for State post-conviction relief is pending does not count toward exhaustion of the period of limitation. § 2244(d)(1).

Judgment entered after Petitioner's direct appeal became final on April 28, 2004 (ninety days following entry of judgment by the Minnesota Supreme Court). Petitioner filed for post-conviction relief on May 24, 2004. Twenty-six days elapsed between these dates. Petitioner's first and second requests for post-conviction relief were continuously pending from May 24, 2004, until the Minnesota Supreme Court affirmed both denials of post-conviction relief and entered judgment on October 12, 2006. Petitioner filed his petition for habeas corpus on October 10, 2007. Three hundred and sixty-three days elapsed between the judgment and filing. In sum this amounts to 389 days, 24 days in excess of the one-year limitations period.

Because the untolled period between final judgment and Petitioner's filing for habeas corpus exceeded one year, the petition is barred by the statute of limitations.

**B. Equitable Tolling**

Petitioner argues that a portion of the time during which the limitations period was running should be tolled under the circumstances in this case, and he advances four arguments in favor of equitable tolling. First, he contends that any error in calculation was out of his control, making it impossible to file a petition on time. Second, his inability to effectively communicate

4

and assist counsel, as well as the civil commitment resulting from mental illness, constituted extraordinary circumstances beyond his control that prevented him from filing on time. Third, Petitioner's mental illness made him incompetent to file the petition himself or adequately supervise his counsel to that end. Fourth, the interests of justice require review of the issues raised in the petition.

The Supreme Court found that a litigant seeking equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *Riddle v. Kemna*, 2008 WL 927618, at *18 (8th Cir. Apr. 8, 2008). In *Pace,* the court determined that the diligence prong failed to be met when a petitioner had sat on his rights for several years prior to filing for post-conviction relief and five months after those proceedings had become final. *Pace*, 544 U.S. at 419. In *Riddle,* the court discussed the second prong:

> In regard to the second element of equitable tolling, [petitioner] must establish that "extraordinary circumstances external to the petitioner" stood in his way. *See id.* at 806. Such extraordinary circumstances must not be attributable to the petitioner. *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005), *citing Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (extraordinary circumstances must be "beyond a prisoner's control").

*Riddle*, 2008 WL 927618, at *18–19. For example, equitable tolling may be appropriate if a petitioner is affirmatively misled by a court and "can establish that a court's conduct 'lulled the movant into inaction through reliance on that conduct.'" *Id.* at 21 (*citing United States v. Hernandez*, 436 F.3d 851, 858-59 (8th Cir. 2006)*; Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 855 (8th Cir. 2003); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *Kreutzer*, 231 F.3d at 463.

Petitioner's arguments that bear on the test for equitable tolling are directed solely to the extraordinary circumstance prong.  Likewise, Respondent does not address the diligence issue.  Since it appears that diligence is not necessarily defeated by exhausting the limitation period by several weeks, the Court finds, for the purpose of this decision, that the only question that bears on Petitioner's ability to apply for habeas corpus is whether some extraordinary circumstance made it impossible for him to timely file.

**(1) Attorney error in calculation as an extraordinary bar.**

Petitioner's argument that the error in calculation was out of his control rests on his assertion that "[i]f indeed counsel erred in calculating the filing deadline in this case, that error should justify equitable tolling." Pet'r Mem. 8 [Docket No. 27].  He cites several cases where equitable tolling was found to be appropriate on the basis of attorney error in calculating the tolling period. *Id.*  Petitioner urges this court to follow the decisions of the Third and Ninth Circuit Courts of Appeal and a Seventh Circuit District Court. *Id.*; *see Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003); *Wallace v. Ignacio*, 79 Fed. Appx. 292 (9th Cir. 2003); *Garza v. Yearwood*, 26 Fed. Appx. 609 (9th Cir. 2001); *Nara v. Frank*, 264 F.3d 310 (3d Cir. 2001); *In United States ex rel. Wilson v. Battles*, 2001 WL 1064536 (N.D. Ill. Sept. 10, 2001).

While some courts have found that a mistake by counsel may justify equitable tolling, the Eighth Circuit rejects this position:

> We agree with those courts that have found that counsel's confusion about the applicable statute of limitations does not warrant equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (lawyer's innocent mistake in interpreting AEDPA's statutory provisions does not constitute extraordinary circumstances external to petitioner justifying equitable tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (attorney's miscalculation of limitations period not a valid basis for equitable tolling). *See also Sandvik v.*

6

>*United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (per curiam) (no equitable tolling where delay was allegedly due to lawyer's decision to use regular mail, rather than expedited delivery).

*Kreutzer*, 231 F.3d at 463. This Court is bound to follow established Eighth Circuit precedent. Further, the Eighth Circuit is not alone in holding that the errors of counsel are inadequate to justify the equitable relief. In *Lawrence v. Florida*, the petitioner argued that his counsel's mistake in calculating the limitations period entitled him to equitable tolling. 127 S.Ct. 1079, 1085 (2007). The Supreme Court explicitly rejected this argument stating, "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991)).

Because attorney miscalculation does not warrant equitable tolling Petitioner is not entitled to such relief due to his counsel's error in determining the exhaustion of the limitations period.

### (2) Petitioner's civil commitment due to mental illness as an extraordinary bar to timely filing.

Petitioner contends "mental impairment can be an extraordinary circumstance interrupting the one-year limitations period." Pet'r Mem. 9 [Docket No. 27]. Specifically, Petitioner argues that the untolled time between his direct appeal from conviction and filing for state post-conviction relief began "immediately after (and during) the time [he] was civilly committed and confined in the Minnesota Security Hospital at St. Peter, a delay outside his control." *Id.* at 10. Petitioner also suggests that counsel's mistake as to the filing date was outside of his control because "when counsel determined the deadline for filing . . . he continued to be under a psychiatric hold and was unable to maintain a cogent understanding of the events

7

that had transpired or the relief being sought on his behalf by counsel." *Id.* at 10–11. Petitioner claims that events surrounding the filing were outside his reasonable understanding, outside of his control, and therefore constituted an extraordinary bar. *See id.*

Whether civil commitment is a delay outside Petitioner's control is substantially irrelevant to the question of equitable tolling. The statute itself provides relief in cases where the State action prevents a petitioner from filing. 28 U.S.C. § 2244(d)(1)(B). The statute states that the limitations period does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." § 2244(d)(1)(B). If Petitioner shows that he was prevented from filing by the State during his confinement at the Minnesota Security Hospital and that such an impediment lasted for at least 24 of the 26 untolled days between finality of the direct appeal and filing for state post-conviction relief, then his petition would be timely by operation of the statute. *See* § 2244(d)(1).

Because Petitioner fails to allege that he was prevented from filing by the State during his confinement in the Minnesota Security Hospital or make any showing of the same, this argument does not suffice to make the petition timely. Petitioner's assertion that his inability to understand the events surrounding his filing is similar to his suggestion that he was unable to petition himself or supervise his counsel and both contentions will be considered together below.

**(3) Petitioner's mental illness as an extraordinary bar to timely filing.**

Petitioner alleges that his mental incompetence justifies equitable tolling. First, he suggests that because of his mental illness he was unable to file the petition on his own. Second, he contends that because he could not reasonably understand his attorney's miscalculation that

8

led to the late filing, timely filing of the application for habeas corpus was itself beyond his control. Third, he claims that because of his mental illness he is unable to meaningfully supervise or assist his counsel.

The United States Supreme Court made clear in *Pace v. DiGuglielmo* that to prevail Petitioner must bear the burden of showing that there was an extraordinary bar. 544 U.S. at 418. The Court of Appeals for the 8th Circuit recently held that equitable tolling is an "exceedingly narrow window of relief" that only is appropriate when circumstances beyond the Petitioner's control make it "impossible to file a petition on time." *Runyan v. Burt*, 2008 WL 927601, at *6 (8th Cir. Apr. 8, 2008).

Although Petitioner cites several cases for the proposition that mental illness may justify equitable tolling, in none of these cases did the court hold that mental illness warranted equitable tolling. In fact, in all but three of these cases the court rejected the equitable tolling argument. The remaining three required the petitioner to show evidence of mental incapacity sufficient to justify equitable tolling. Of the three, *Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003) and *United States ex rel. Kennedy v. Page*, 1999 WL 1044829 (N.D. Ill. Nov. 16, 1999) have no subsequent history. On remand, the court in *Nara v. Frank* did equitably toll the limitations period, but not because of mental illness. *Nara v. Frank*, 2004 WL 825858 (W.D. Pa. Mar. 10, 2004).

Although Petitioner has not brought a single case to the Court's attention where equitable tolling was grounded upon mental illness, several courts have made attempts to determine when mental illness would be sufficient. *See Rios v. Mazzuca,* 78 Fed. Appx. 742 (2d Cir. 2003); *Laws*, 351 F.3d at 923–24. Where a habeas petitioner's mental incompetence in fact caused him

9

to fail to meet the AEDPA filing deadline, his delay was caused by an "extraordinary circumstance beyond [his] control," and the deadline should be equitably tolled. *Id.* at 923. In *Laws v. Lamarque*, the court held that petitioner's unrebutted assertion that he was "deprived of any kind of . . . consciousness" during the limitations period, if found to be supported, would make equitable tolling appropriate. *Id.* at 923–24. In *Lococo v. Mo. Dep't of Corr.*, 2008 WL 681720, at *4 (E.D. Mo. Mar. 7, 2008), the court cited the Second Circuit's determination that a petitioner must produce "documentation showing that during [the limitations period] he was so incapable of rational thought that he could not appreciate his situation, or he lacked the wherewithal to ascertain he must take legal steps." *Id.* at *4 (citing *Rios,* 78 Fed. Appx. at 744). Reading *Lawrence*, *Lococo*, *Runyan* and *Laws* together, a rule can be formulated as follows: equitable tolling is warranted when petitioner sustains the burden of showing that mental illness during the limitations period actually made timely filing impossible because he either was substantially incapable of rational thought or unable to determine he must take legal steps.

Petitioner has not presented evidence that his mental illness made it impossible for him to timely file. Petitioner's assertions, even if supported, do not warrant equitable tolling. The assertion that a petitioner's mental illness prevents him from filing on his own does not warrant equitable tolling; Petitioner was at all relevant times represented by counsel. Pet'r Mem. 13 [Docket No. 27]. Even if Petitioner was not represented by counsel, his inability to file without the assistance of counsel would not be an extraordinary circumstance where he had the capacity to obtain counsel for the purpose of making a habeas application. Petitioner had the ability to retain counsel for the purpose of perfecting his habeas petition and exercised this ability. Moreover, Petitioner has not made a showing that he was unable to timely file with or without the assistance of counsel. Conclusory claims are insufficient to warrant equitable tolling. *See*

10

*Lococo*, 2008 WL 681720, at *4; *see also Lawrence,* 127 S.Ct. at 1086 (a legally valid claim for equitable tolling will fail without factual support).

The contention that Petitioner's inability to reasonably understand his attorney's miscalculation leading to the late filing does not warrant equitable tolling.  It follows that where attorney error is insufficient to grant equitable tolling (*see Kreutzer*, 231 F.3d at 463) the client's misunderstanding of the error should not change the result.  Additionally, Petitioner's misunderstanding is insufficient because he does not need to understand the nuances of the law, rather he simply must have the ability to understand that he must take legal steps. *See Lococo*, 2008 WL 681720, at *4.  The fact that Petitioner retained an attorney for the purpose of submitting his habeas petition shows that he understood that he must take legal steps.  Furthermore, Petitioner's numerous *pro se* supplementations to the record shows that he was more than merely aware of the need to take legal action; he was (and is) an active participant in the proceedings.

For the same reasons noted above, Petitioner's claims that his mental illness made him unable to meaningfully supervise or assist his counsel do not make equitable tolling appropriate.  Petitioner does not need to have the capacity to supervise or assist his attorney; he must only understand that legal steps are required. *See Lococo*, 2008 WL 681720, at *4.  Presumably, a substantial portion of the prison population would be unable to sufficiently understand the details of 28 U.S.C. § 2244(d) to make sure that counsel did not commit legal or factual error with respect to the applicable limitations period.  Accepting the argument that this inability allows for equitable tolling would transform what is intended to be a "narrow window of relief" appropriate only in *extraordinary* circumstances into a much broader exception routinely applicable in cases

of attorney error. *Runyan*, 2008 WL 927601, at *6 (*citing Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007).

### (4) The merits of the case as an extraordinary circumstance justifying equitable tolling.

Petitioner fails to cite any precedent in favor of the proposition that the quality of the merits in a habeas case justifies overlooking the statute of limitations. Petitioner suggests that denying him the benefit of these proceedings prejudices not only Petitioner but also all state court defendants that are similarly situated.

While a statute of limitations always appears prejudicial to those who are barred from seeking relief by its operation, such prejudice does not change the inquiry. When a legislature enacts a statute of limitations, it does so with the cognizance that some meritorious cases will be barred. *See Jihad v. Hvass*, 267 F.3d 803, 806–07 (8th Cir. 2001) ("invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes"). Presumably, the decision of enacting a statute of limitations is made by balancing the perceived benefits of the bar with the costs of blocking otherwise valid claims. *See Carey v. Saffold*, 536 U.S. 214, 226 (2002) (considering the merits when a petition is untimely "threaten[s] the statutory purpose of encouraging prompt filings in order to protect the federal system from being forced to hear stale claims"). This Court is not free to undermine legislative mandate by using equitable principles to recalculate the limitation period based on the merits of the underlying claims. *See Pace*, 544 U.S. at 418 (the merits of the claim are not a consideration in determining whether petitioner qualifies for equitable tolling).

### III. Conclusion

Petitioner failed to timely file his petition within the limitations period provided in Section 2244(d). Because the petition is untimely under the statute and because it would be inappropriate to consider it timely through use of equitable tolling, this habeas application should be dismissed as time barred.

Dated:   May 1, 2008

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before May 16, 2008.