**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Roger Schleicher,                                     Civil No. 07-4207 (DWF/AJB)

           Petitioner,

v.                                             **ORDER ADOPTING REPORT**
                                                    **AND RECOMMENDATION**
                                                        **AND MEMORANDUM**

Joan Fabian, Minnesota Commissioner
of Corrections,

           Respondent.

---

Roger Schleicher, *Pro Se*, Petitioner.

Douglas L. Ruth, Assistant Steele County Attorney, Steele County Attorney's Office; Peter R. Marker, Assistant Attorney General, Minnesota Attorney General's Office; Thomas B. Heffelfinger, Esq., and Kathleen M. Daly, Esq., Best & Flanagan LLP, counsel for Respondent.

---

This matter is before the Court upon Petitioner Roger Schleicher's ("Petitioner") objections to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated May 1, 2008, recommending that Petitioner's habeas application be dismissed as time barred. Respondent Joan Fabian, Minnesota Commissioner of Corrections, ("Respondent") filed a Reply to Petitioner's Objection to Magistrate Judge Boylan's Report and Recommendation Dismissing Petitioner's Writ of Habeas Corpus (Doc. No. 39) on May 23, 2008.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).  The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Petitioner's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner Roger Schleicher's objections (Doc. No. 38) to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated May 1, 2008, are **DENIED**.

2. Magistrate Judge Arthur J. Boylan's Report and Recommendation dated May 1, 2008 (Doc. No. 37), is **ADOPTED**.

3. Petitioner's habeas application is **DISMISSED** as time barred.

4. Petitioner's request for an evidentiary hearing is **DENIED**.

Dated:  August 27, 2008        s/Donovan W. Frank
                               DONOVAN W. FRANK
                               Judge of United States District Court

**MEMORANDUM**

This matter presents the Court with very difficult circumstances.[1]  It appears as though the Petitioner has run into the walls created by well established and long standing procedural doctrines at several stages during his attempts to obtain review of his conviction.  The Petitioner's present habeas application is also procedurally barred, in this case by the one-year statute of limitations established by 28 U.S.C. § 2244(d), because 389 days, or 24 days too many, elapsed between the date judgment upon which Petitioner's direct appeal became final and the date his habeas application was filed, not including those time periods when Petitioner was pursuing post-conviction relief in the state courts.

Petitioner requests that equitable tolling be applied under the circumstances of this case, which include difficulties arising from Petitioner's mental illness, itself a subject of his original criminal case, and his resulting civil commitment.  The Court is sympathetic to these arguments.  The Court further notes that calculating the deadlines established for habeas petitions can be complicated and cumbersome, and that as the petition falls short by only 24 days, any error in calculating the deadlines was not longstanding.  Petitioner's case also presents somewhat complicated circumstances due to his direct appeal and multiple petitions for state post-conviction relief.  Additionally, contrary to the arguments

---

[1]   The Respondent argues that Petitioner's objections to the Report and Recommendation should be dismissed because the Petitioner lacks a certificate of appealability.  *See* 28 U.S.C. § 2253.  This requirement applies when an appeal is taken from a final order to a court of appeals.  It does not apply to a federal district court's consideration of a magistrate judge's report and recommendation, which is subject to a *de novo* review.

advanced by the Petitioner, there is no evidence in the record indicating that counsel for the Petitioner delayed or erred intentionally in order to disadvantage him, or that any error was other than inadvertent.[2]

Notwithstanding this, the situations in which a court may apply equitable tolling are closely circumscribed, and the Petitioner has not shown an "extraordinary circumstance" stood in the way of his filing a timely application. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Given this, the Court must dismiss Petitioner's habeas application.

D.W.F.

---

[2] As it is clear to the Court that Petitioner's counsel's conduct was not intentional, the Court declines to hold an evidentiary hearing to address Petitioner's arguments.