UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Roger Schleicher,                                    Civil No. 07-4207 (DWF/AJB)

                Petitioner,

v.                                                             **ORDER**

Joan Fabian, Minnesota
Commissioner of Corrections,

                Respondent.

---

Stanley H. Nathanson, Esq., counsel for Petitioner.

Douglas L. Ruth, Assistant County Attorney, Steele County Attorney's Office; Peter R. Marker, Assistant Attorney General, Minnesota Attorney General's Office; Thomas B. Heffelfinger, Esq., and Kathleen M. Daly, Esq., Best & Flanagan LLP, counsel for Respondent.

---

**INTRODUCTION**

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his 2002 Minnesota state criminal conviction for first degree murder.  (Doc. No. 1.)  The matter was assigned to Magistrate Judge Arthur J. Boylan, who recommended that the petition be summarily dismissed, because it was time-barred under the one-year statute of limitations established by 28 U.S.C. § 2244(d). (Report and Recommendation, ["R&R"], dated May 1, 2008; [Doc. No. 37].)  Petitioner filed objections to the R&R, (Doc. No. 38), which caused this Court to conduct a *de novo*

review of the matter. The Court adopted the Magistrate Judge's R&R, and ordered that the action be dismissed due to untimeliness. (Order dated August 27, 2008; [Doc. No. 44].)

On October 2, 2008, Petitioner filed a Notice of Appeal in this matter. (Doc. No. 48.) He also filed a separate motion asking the Court to grant him a Certificate of Appealability, ("COA"), in this matter. (Doc. No. 49.) For the reasons discussed below, Petitioner's request for a COA will be DENIED.

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991)

(*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).  When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal."  *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*).  *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In *Slack v. McDaniel*, *supra*, the Supreme Court explained how the federal district courts should determine COA eligibility in habeas cases, such as this one, that have been dismissed on procedural grounds, rather than on the merits.

> Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding.  Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal.  Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.  The recognition that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," *Ashwander v. TVA*, 297 U.S. 288, 347 . . . (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues.  The *Ashwander* rule should inform the court's discretion in this regard.

529 U.S. at 484-85.

In the present case, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the

Supreme Court in *Slack*– *i.e.*, "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." *Id*. at 485.

After again considering the record in this matter, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed for the reasons discussed in the Magistrate Judge's R&R and in this Court's prior Order and Memorandum adopting the R&R.  Petitioner has offered no reason to think that any other court–including the Eighth Circuit Court of Appeals–could conclude that this action was not time-barred.

There is a substantial body of Eighth Circuit case law addressing statute of limitations issues similar to those presented here.  In those cases, our Court of Appeals has consistently rejected the "equitable tolling" arguments that Petitioner has advanced to excuse the untimeliness of his habeas corpus petition.  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy, or unusual about his case that might cause it to warrant appellate review.  Given the Court of Appeals' past rulings on the subject of equitable tolling, no federal court in this Circuit could reasonably conclude that Petitioner's habeas corpus petition should not be time-barred.  Therefore, while this Court remains sympathetic to Petitioner's situation, he cannot be granted a COA in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Petitioner's Motion For Certificate Of Appealability Pursuant to 28 U.S.C. 2253(c)(1), (Doc. No. 49), is **DENIED**.

Dated:  October 17, 2008          <u>s/Donovan W. Frank</u>
                                  DONOVAN W. FRANK
                                  Judge of United States District Court